**Dorothy A. MOHR, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**Civ. No. 38591.**

United States District Court
N. D. California, S. D.

March 16, 1960.

Allard & Seyranian, Oakland, Cal., for plaintiff.

---

Lynn J. Gillard, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for defendant.

GOODMAN, Chief Judge.

The United States has moved for dismissal of this action brought against it under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., upon the ground that plaintiff's exclusive remedy is afforded by the Federal Employees' Compensation Act, 39 Stat. 742, as amended, 5 U.S.C.A. § 751 et seq.

Plaintiff brought this action to recover damages for the death of her husband who, her complaint alleges, died as a result of an injection of anti-tetanus serum allegedly negligently administered in the course of treatment for an injury incurred in the performance of his duties as an employee of the United States.

■ The Federal Employees' Compensation Act by its terms provides that the compensation afforded by the Act for disability or death resulting from injuries sustained by a Federal employee in the performance of his duties shall constitute the only recovery that may be had from the United States for such injuries. 5 U.S.C.A. § 757(b). In the opinion of the Court, death or disability is compensable under the Compensation Act if it is the ultimate consequence of an injury sustained by a Federal employee in the performance of his duties even though it may have been directly caused by intervening medical treatment given for the original injury. Such a death or disability has been regarded as compensable by the United States Department of Labor which administers the Act.[1] It has been held to be so compensable in at least two judicial decisions. Balancio v. United States, 2 Cir., 1959, 267 F.2d 135; Berry v. United States, D.C.Or.1957, 157 F.Supp. 317.

■■ Moreover, under the facts as alleged in the complaint, not only would the death of plaintiff's husband be compensable as incident to the original injury incurred while he was performing his usual on the job duties, but it would also be compensable because the additional injury allegedly caused by the medical treatment may properly be regarded as having been sustained while in the performance of duty. This is so because, consistent with the liberal interpretation which has been given the Compensation Act, the submission to medical treatment under the Government's medical care program may reasonably be considered to be one of the duties incident to Federal employment. Leahy v. United States, D.C.E.D.N.Y. 1958, 160 F.Supp. 519.

The motion to dismiss is granted Present a judgment of dismissal.

"Where treatment rendered for a condition causally related to the employment causes disability, it is compensable."

---

1. See the statement by the Department of Labor's Employees' Compensation Appeals Board in its decision in Matter of Dombach, 8 E.C.A.B. 389 (1955) that: