Joseph **FRIEOUF**, Plaintiff,

v.

**UNITED STATES** of America, Doe One, Doe Two, Doe Three, Doe Four and Doe Five, Defendants.

Civ. No. 37333.

United States District Court
N. D. California, S. D.
April 12, 1960.

Leo Fried, San Francisco, Cal., for plaintiff.

Laurence E. Dayton, U. S. Atty., San Francisco, Cal., for defendant.

WOLLENBERG, District Judge.

Defendant United States of America has moved pursuant to the provisions of Rule 12(b) (1) and 12(b) (6) of the Federal Rules of Civil Procedure, 28 U. S.C., for dismissal of this action brought under the Federal Tort Claims Act, 28

U.S.C. § 1346(b), on the grounds that plaintiff's exclusive remedy is afforded by the Federal Employees' Compensation Act, 39 Stat. 742, as amended; 5 U.S.C.A. § 751 et seq.

Plaintiff alleges that while a patient at the United States Public Health Service Hospital in San Francisco defendants carelessly and negligently allowed plaintiff to fall from his bed to the floor, sustaining injury to his right shoulder and other parts of his body. Plaintiff admits he was a civilian employee of the United States and while at work received injuries to his left leg and foot in the course of his duties, and upon his request was admitted to the United States Public Health Service Hospital. While in said hospital an operation was performed on his left leg and foot. The night following, plaintiff fell from his bed in the hospital and received the injuries to his right shoulder and elbow. The injuries for which the present suit is brought are the injuries to his right shoulder and elbow sustained as a result of treatment for the injury to his left leg and foot, which injury was sustained in the course of his federal employment. Plaintiff made claim for compensation for the left leg and foot injury and received compensation therefor, and he is now receiving compensation under the Federal Employees' Compensation Act for a permanent total disability resulting from the injuries to his left leg and foot and his right elbow and shoulder.

The injury to the right shoulder and elbow is compensable under the Federal Employees' Compensation Act without doubt, even though it may have been caused by intervening treatment to the original injury. Balancio v. United States, 2 Cir., 267 F.2d 135. Moreover, it is compensable because the shoulder and elbow injury may be regarded as having been sustained while in the performance of duty. This is so because submission to treatment for injury is considered one of the duties incident to federal employment. Leahy v. United States, D.C., 160 F.Supp. 519. The Federal Compensation statute is the sole media of relief for federal employees injured on the job who are subsequently injured in connection with injuries incidental to their federal employment.

Plaintiff seeks to distinguish this case from the general rule above on the grounds that the injury to shoulder and elbow is physically remote from that to the leg and foot. He argues that it is not the result of direct treatment to the injured members. This argument can not prevail.

The complaint and plaintiff's admissions show that the injuries for which damages are sought occurred as the result of hospital care after an operation on the plaintiff for the purpose of treatment of the original foot injury.

The motion to dismiss is granted.