**Ralph E. BAKER, Plaintiff-Appellant,**

v.

**Frank A. BARBER, M.D., and James B. Talmage, M.D., Defendants-Appellees.**

**No. 80–5493.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 8, 1982.

Decided March 9, 1982.

Ann B. Oldfather, Wyatt, Tarrant & Combs, Louisville, Ky., for plaintiff-appellant.

Michael Tilley, Asst. U. S. Atty., Louisville, Ky., Barbara L. Herwig, Susan J. Herdina, Dept. of Justice Civil Division, Appellate Staff, Marleigh D. Dover Lang, Robert E. Kopp, U. S. Dept. of Justice, Civil Division, Washington, D. C., for defendants-appellees.

Before STEWART, Associate Justice (Retired) * and LIVELY and MERRITT, Circuit Judges.

PER CURIAM.

In this diversity case, the plaintiff, a federal civilian employee, seeks recovery for alleged medical malpractice against two Army physicians who treated him for an injury received during the course of his employment at Fort Knox, Kentucky. The District Court held that the plaintiff, who is eligible for compensation under the Federal Employees Compensation Act (FECA), 5

U.S.C. §§ 8101–93, is barred by the federal medical malpractice immunity statute, 10 U.S.C. § 1089, from recovery against the military physicians.

The plaintiff was injured on the job and taken to Ireland Army Hospital, Fort Knox, Kentucky, where he received treatment by the defendant doctors. The United States moved to dismiss his malpractice action on grounds that it was barred by 10 U.S.C. § 1089(a), which provides that the Federal Tort Claims Act shall provide the exclusive remedy for an individual in cases of medical malpractice suits against military medical personnel. The District Court concluded that Congress intended to immunize individual military doctors in situations such as this and dismissed the suit. From this judgment the plaintiff appeals.

This case presents a question of statutory construction involving the interrelationship of three statutes: the military medical malpractice immunity statute, 10 U.S.C. § 1089; the Federal Employee Compensation Act (FECA), 5 U.S.C. §§ 8101–93; and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* The issue is whether a federal employee who is barred by the FECA from recovery under the Tort Claims Act is similarly barred by the statutory immunity created in favor of military doctors by 10 U.S.C. § 1089(a) or whether § 1089(f) creates an exception which allows the plaintiff to sue the doctors individually.

The FECA, under which the plaintiff has sought and received benefits, provides that the "liability of the United States . . . is exclusive and instead of all other liability of the United States . . . under a Federal tort liability statute." 5 U.S.C. § 8116(c). This provision precludes recovery under the Tort Claims Act if relief is already available under the FECA. *Vantrease v. United States*, 400 F.2d 853 (6th Cir. 1968); *United States v. Udy*, 381 F.2d 455 (10th Cir. 1967). The malpractice immunity statute, 10 U.S.C. § 1089(a), however, immunizes military physicians and

---

* The Honorable Potter Stewart, Associate Justice of the United States Supreme Court (Retired), sitting by designation.

makes tort claims against the government the exclusive remedy available in a malpractice action.

■ Plaintiff argues that this conflict creates a triangular catch-22 for him: The FECA bars him from bringing a federal tort claim and the malpractice immunity statute says he must bring his action as a federal tort claim and not as a malpractice claim against the doctors. The plaintiff then argues that subsection (f) of Section 1089 creates an exception for this kind of situation. That subsection provides that the Secretary of Defense may "hold harmless or provide liability insurance" for any military physician who is assigned to a foreign country, or who is not providing service to a federal department or agency or "if the circumstances are such as are likely to preclude" a remedy under the Tort Claims Act. The plaintiff argues that for federal employees the exclusivity of FECA compensation is a "circumstance likely to preclude" a tort claims remedy. Therefore, the plaintiff reasons, the statute permits the suit to go forward against the military doctors in their individual capacities. Moreover, the plaintiff notes that prior to the enactment of Section 1089 civilian employees of the federal government, even those entitled to compensation under FECA, were allowed to pursue common law malpractice claims against military medical personnel. Therefore, the plaintiff argues that if Congress had intended to abrogate his common law right to sue the doctors it would have done so expressly.

We reject the plaintiff's argument because it has the effect of undermining the clear legislative intent of the malpractice immunity statute. The purpose of the statute is

> to provide, through application of the Federal Tort Claims Act, protection from individual liability to certain medical personnel while acting within the scope of their official duties. In short, defense medical personnel would be immunized from malpractice suits. The bill would eliminate the need of malpractice insurance for all such medical personnel . . .

S.Rep.No.94–1264, 94th Cong., 2d Sess. 1, *reprinted in* [1976], U.S.Code Cong. & Ad. News 4443, 4443. Noting the "peculiar circumstances surrounding defense medical personnel" Congress felt a special need to protect military doctors against the threat of malpractice suits because,

> [d]efense medical personnel, unlike their civilian counterparts, must respond to military orders in providing medical services. The lower pay of defense medical personnel relative to private medical practice makes it especially difficult for them to afford malpractice insurance.

*Id.* at 5, [1976] U.S.Code Cong. & Ad.News at 4447.

A parallel piece of legislation, the Driver's Act, 28 U.S.C. § 2679, provides an analogy. This statute bars suit against government employees for injuries arising out of their operation of a motor vehicle while in the scope of their federal employment. The injured party's only remedy, in such a circumstance, is to bring a suit under the Tort Claims Act. The legislative history of the malpractice immunity statute reveals that it is deliberately patterned in purpose and in language after the Driver's Act. *Id.* at 3, [1976] U.S.Code Cong. & Ad.News at 4445. Therefore, an interpretation of the Driver's Act in a factual context analogous to the present case is persuasive. In *Vantrease v. United States*, 400 F.2d 853 (6th Cir. 1968), this Court held that a federal postal employee who was injured when struck by an automobile driven by another postal employee was limited to benefits under the FECA and was not entitled to bring a negligence action against the driver.

We recognize that *Vantrease* is not squarely on point because the Driver's Act parallels only subsections (a) through (c) of Section 1089 but does not contain a subsection similar to subsection (f). But the argument that the "circumstances" language of subsection (f) is intended to carve out an exception to the general immunity created in favor of military physicians is unpersuasive. The purpose of Section 1089(f) is not to create an exception to the immunity from malpractice actions created by Section

1089(a). The purpose of subsection (f) is to enhance protection against malpractice actions in circumstances where local law allows recovery against military doctors. The subsection mentions two such circumstances: when a military physician is (1) assigned to a foreign country or (2) assigned to other than a federal department, e.g. a private hospital. In such circumstances the doctor may not be covered by the Federal Tort Claims Act and the Secretary of Defense is authorized to provide indemnification or insurance. S.Rep.No.94–1264, *supra*, at 10, [1976] U.S.Code Cong. & Ad.News at 4451. Subsection (f) is not designed to create liability in malpractice actions for federal employees.

Plaintiff would have the Court read a large exception into the language of subsection (f), an exception which would allow federal employees generally to recover against military doctors in spite of the immunity statute. Congress was certainly aware of the increase of malpractice suits against defense physicians in their personal capacity; that was one of the factors that gave rise to the statute. *Id.* at 4–5, [1976] U.S.Code Cong. & Ad.News at 4446–47. Congress was aware that federal employees are treated at times by military doctors. Because Congress declined to include this situation in the section of the bill in which it listed other specific exceptions, this Court will not read the "circumstances" language to exempt from the malpractice immunity statute suits by federal employees. To do so would be inconsistent with the clear purpose of the bill: to relieve military doctors from individual malpractice liability.

This reading of the statutory scheme does not leave plaintiff without compensation. The FECA provides compensation for work related injuries, including medical services and expenses. 5 U.S.C. § 8103; 20 C.F.R. § 10.400 (1981). Additional injuries caused by intervening negligent medical treatment appear also to be compensable under the FECA. *Mohr v. United States,* 184 F.Supp. 80 (N.D.Calif.1960); *See Frieouf v. United States,* 183 F.Supp. 439 (N.D.Calif.1960).

Finally, the plaintiff contends that if Section 1089 was intended to abrogate the plaintiff's common law cause of action it is unconstitutional because it constitutes a deprivation of his vested property interest in the malpractice cause of action without due process. The plaintiff contends that Kentucky has a unique constitutional provision which causes his malpractice claim to be a vested property interest. The constitutional provision relied on by the plaintiff merely states that "[t]he general assembly shall have no power to limit the amount to be recovered for … injuries to person or property." Ky.Const. § 54. The provision does not purport to modify or limit the malpractice immunity statute or any other federal statute governing civil liability. Therefore, the argument is without merit. There is no conflict between state and federal law here, and we need not address the constitutional problems that would be raised by plaintiff's reading of the Kentucky constitutional provision.

Accordingly, the judgment of the District Court is affirmed.