**Betty D. McCALL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C–3–84–359.

United States District Court, S.D. Ohio, W.D.

April 20, 1987.

Carmine Garofalo, Dayton, Ohio, for plaintiff.

Gerald F. Kaminski, Asst. U.S. Atty., Cincinnati, Ohio, for defendant.

RICE, District Judge.

The Motion of the Defendant, seeking an Order of the Court, pursuant to Fed.R.Civ. P. 12(b)(1), dismissing the captioned cause for reason of this Court's lack of subject matter jurisdiction or, in the alternative, granting summary judgment in favor of the Defendant, pursuant to Fed.R.Civ.P. 56 (Doc. # 11), is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Plaintiff is an employee of the United States. She was injured, near the situs of her employment, during working hours on June 10, 1981. She has received compensation for this injury under the Federal Employees Compensation Act (FECA). Following her June 10, 1981, injury, she was admitted to Wright Patterson Air Force Base Medical Center wherein, she alleges, she was permanently and severely injured by the malpractice of Defendant's medical personnel.

The Defendant has moved to dismiss the Plaintiff's claim, brought under the Federal Tort Claims Act, 28 U.S.C. § 1402, *et seq.*, upon the basis that her exclusive remedy, not only for the initial injury which occurred during working hours near her place of employment, but also for the alleged subsequent malpractice of Defendant's medical personnel during treatment of that initial injury, is within the confines of the Federal Employees' Compensation Act (FECA) and, since that Act furnishes the exclusive remedy for the Plaintiff's injury(ies), she cannot bring a Federal Tort Claims action against the United States for the alleged medical malpractice of the Defendant's medical personnel.

2. It is too well settled to require citation of authority that the Federal Employees' Compensation Act (FECA) precludes recovery under the Federal Tort Claims Act if relief was or is already available under the FECA. *Baker v. Barber*, 673 F.2d 147 (6th Cir.1982).

3. The case of *Wright v. United States of America*, 717 F.2d 254 (6th Cir. 1983), is dispositive of the within action. Injuries which are compensable under the FECA cannot be compensated under other federal remedial statutes such as the Federal Tort Claims Act. Consequently, district courts lack subject matter jurisdiction to consider an action where there is a "substantial question of coverage" under the FECA. However, within the factual confines of the captioned cause, while the Plaintiff's initial injury is clearly within the coverage of the FECA, damages for the subsequent injury allegedly caused by the medical malpractice of the Defendant's employees may be sought under the Federal Tort Claims Act, because:

a. based upon the record presented to this Court, whether the Defendant's motion

is considered as a motion to dismiss for lack of this Court's subject matter jurisdiction or a motion seeking summary judgment, there simply is not a substantial question of coverage under the FECA, due to the fact that the Plaintiff's injuries, allegedly suffered due to the medical malpractice of the Defendant's employees, did not arise out of the special zone of danger created by an obligation or condition of employment. The Plaintiff was entitled to treatment at the Defendant's facilities both as an employee of the Defendant and as the widow of a deceased serviceman. Her electing to be treated at that facility, however, was not an obligation or condition of her employment. The fortuitous circumstance that the Plaintiff's injuries, which pre-existed the injuries caused by the alleged medical malpractice, occurred during working hours near her place of employment for the Defendant, and were aggravated while she was undergoing treatment in a facility operated by her employer within which she was entitled, but not obligated as a condition of employment, to seek medical care, is not a sufficient relationship to her employment to establish coverage under the FECA. Since there is simply not a substantial question of coverage under the FECA, the district court does not lack subject matter jurisdiction to consider an action under the Federal Tort Claims Act.

b. Moreover, even though the Plaintiff's initial injury was both compensable and compensated under the FECA, the "dual capacity doctrine" enables her to bring the instant action under the Federal Tort Claims Act for her injuries allegedly aggravated by the medical malpractice of the Defendant's employees. The "dual capacity doctrine" treats the employer as a third party outside the protections of the workmen's compensation statute (insofar as non-susceptibility to suit is concerned) under certain conditions. The test is as follows: "An employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person."

*Wright v. United States, supra,* at 259. Within the factual confines of the instant action, as of the time of the alleged medical malpractice, the employer-employee relationship did not exist because the employer is acting in a second persona (as the provider of medical care in or through a facility wherein the Plaintiff was not obligated to seek medical attention as a condition of her employment) unrelated to the employer's status as an employer. In short, the Defendant, as of the time of the alleged medical malpractice, was functioning in the capacity of the provider of medical care, not as the Plaintiff's employer. *See also Guy v. Arthur H. Thomas Co.,* 55 Ohio St.2d 183, 378 N.E.2d 488 (1978) (construing Ohio law that furnishes the rules of liability under the Federal Tort Claims Action).

Counsel listed below will take note that a pretrial conference will be had, by conference call telephone communication, at 9:45 a.m. on Wednesday, April 22, 1987, for the purpose of setting a trial date and other dates leading to the expeditious resolution of this litigation. During this telephone pretrial conference, counsel will be asked whether they would agree to consent to trial of this matter before the United States Magistrate, giving the Magistrate the authority to enter final judgment, with any appeal from the Magistrate's decision and judgment being directly to the United States Court of Appeals for the Sixth Circuit.