Betty D. McCALL, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 89–3487.

United States Court of Appeals,
Sixth Circuit.

Argued March 5, 1990.
Decided April 27, 1990.

See also, 680 F.Supp. 283.

Carmine M. Garofalo, Robert M. O'Neal (argued), Dayton, Ohio, for plaintiff-appellant.

Gerald L. Kaminski, Asst. U.S. Atty., Cincinnati, Ohio, Peter R. Maier (argued), Robert S. Greenspan, U.S. Dept. of Justice, Appellate Staff, Civ. Div. Washington, D.C., for defendant-appellee.

Before WELLFORD and NELSON, Circuit Judges, and ZATKOFF,* District Judge.

WELLFORD, Circuit Judge.

Appellant Betty McCall, a federal civilian employee, was injured at work, and was compensated under the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101–8193. She was treated for her injuries at a military hospital on the grounds of the military base where she worked, and she alleges in this action against the government that she was a victim of medical malpractice. At issue is whether she was compensated under FECA for the injuries sustained as a result of the alleged malpractice, and whether she is entitled to sue under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, under the circumstances of this case.

A contract specialist at Wright–Patterson Air Force Base in Ohio, McCall slipped on some stairs and fractured her hip in the course of her civilian employment on June 10, 1981. She was taken to the Base Medical Center, where she was treated on an inpatient basis for one month, and later on an outpatient basis. She was entitled to treatment at the military base for two independent reasons—because her injury occurred in the course of her employment, and also because she was a dependent spouse of a deceased member of the armed services.

McCall filed a claim with the appropriate office of the Department of Labor (DOL) for FECA benefits. DOL granted total disability compensation for the period from July 26, 1981 to May 9, 1983, and partial disability compensation for the period from May 9, 1983 to August 23, 1983. There was evidence of her partial recovery in 1983. McCall filed an administrative appeal of the August 23, 1983 cutoff of FECA benefits, contending she was unable to return to her past employment. DOL concluded that the agency had failed to carry its burden of proof with respect to

termination of FECA benefits, and restored McCall's FECA compensation from August 26, 1983 forward.

In 1984, McCall filed this action in the district court, seeking compensation for alleged medical malpractice in the initial surgery and rehabilitation treatment following her accident. The suit was filed under the FTCA. In her complaint, McCall alleged that the improper medical treatment made it necessary to undergo surgery a second time in September 1981, and she sought substantial damages for pain, suffering and permanent disability.

The district court granted the government's motion for summary judgment, ruling that there was no genuine issue of material fact on the question of whether McCall had received compensation for her injuries sustained as a result of the alleged malpractice under FECA, whose remedies were held to be exclusive. Although this was the sole basis for the district court's decision, the government had argued in the alternative that even if McCall was not actually compensated under FECA, she was entitled to FECA compensation, and that the FTCA action should likewise be barred because of FECA's exclusivity provisions.

I.

Recovery for injuries covered under FECA is clearly limited and exclusive:

The liability of the United States ... under this subchapter ... with respect to the injury ... of an employee is exclusive and instead of all other liability of the United States ... to the employee ... or any other person entitled to recover damages from the United States ... because of the injury .... in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c); *Baker v. Barber*, 673 F.2d 147, 148 (6th Cir.1982) ("[t]his provi-

* The Honorable Lawrence P. Zatkoff, United States District Judge, Eastern District of Michi-gan, sitting by designation.

sion precludes recovery under the Tort Claims Act if relief is already available under the FECA.").

In enacting the exclusive-liability provision,

> Congress adopted the principal compromise—the *"quid pro quo"*—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

*Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 194, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983).

Whether or not a particular injury is compensable under FECA is within the sole discretion of the Secretary of Labor, whose decisions are unreviewable:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b).

### II.

The district court, as noted, found that McCall was compensated for injuries suffered as a result of the alleged malpractice. Appellant's objections to this finding focus on a declaration by Bruce King, Chief of the Office of Workers Compensation Programs Cleveland District Office, to the effect that McCall was compensated under FECA for these injuries. King's declaration states that McCall's FECA award

> included compensation for the injuries which Betty McCall sustained as the result of her job-related slip and fall on June 10, 1981 at Wright–Patterson Air Force Base *as well as the consequential injuries she incurred in the course of her medical treatment* for those injuries at Wright–Patterson Air Force Base Medical Center. (Emphasis added.)

Appellant maintains that this statement was without foundation. Her argument centers on the allegation that she has not been compensated for malpractice. Although appellant is correct that she has not received "consequential damages" as that term is ordinarily used in malpractice cases, this does not mean that she has not been compensated for the "consequential injuries" that were the result of the alleged malpractice. Government payment records indicate that DOL paid numerous bills for medical services, including the second surgery performed to correct the results of the original surgery.

### III.

The government argues that FECA covers not only an initial injury, but also additional injuries caused by negligent treatment of the first injury. There is substantial caselaw to support this proposition. In *Baker v. Barber,* 673 F.2d 147 (6th Cir. 1982), the plaintiff, a civilian government employee, had been injured in the course of his employment and alleged malpractice by government doctors. The initial injury was covered by FECA, and the plaintiff appeared to concede that an FTCA suit was barred. Instead, he attempted to sue the doctors individually. The court held that the suit was barred by the military medical malpractice immunity statute. In discussing FECA, the court noted:

> The FECA provides compensation for work related injuries, including medical services and expenses. 5 U.S.C. § 8103; 20 C.F.R. § 10.400 (1981). Additional injuries caused by intervening negligent medical treatment appear also to be compensable under the FECA. *Mohr v. United States,* 184 F.Supp. 80 (N.D.Calif. 1960); *See Frieouf v. United States,* 183 F.Supp. 439 (N.D.Calif.1960).

673 F.2d at 150.

*Gold v. United States,* 387 F.2d 378 (3d Cir.1967), also involved a civilian employee at a military installation who was injured in the course of employment and alleged malpractice. The court, in a brief per curiam opinion, held that FECA, "to which the plaintiff had resorted prior to the institu-

tion of the instant action, is the exclusive remedy available to the plaintiff." 387 F.2d at 379.

In *Balancio v. United States,* 267 F.2d 135 (2nd Cir.) (Hand, J.), *cert. denied,* 361 U.S. 875, 80 S.Ct. 139, 4 L.Ed.2d 114 (1959), the same factual situation presented itself, and the court held that the FTCA claim was barred:

> [T]he aggravation of [plaintiff's] initial injuries, suffered while he was indubitably in performance of his duty, should be regarded as resulting from the initial injuries themselves.... [T]hat is the rule at common-law when the claim is for negligence; the initial wrong is the cause of all that follows, even when there has intervened a succeeding negligent act that produced the aggravation. We interpret [FECA] as a substitute for the whole of the claim that, but for it, would have arisen under the Tort Claims Act.

267 F.2d at 137.

Finally, *Wilder v. United States,* 873 F.2d 285 (11th Cir.1989), involved a comparable situation, with the exception that compensation for the initial injury was under the Nonappropriated Fund Instrumentality Act (NFIA), 5 U.S.C. §§ 8171–73. That act contains an exclusive-remedy provision substantially identical to FECA's section 8116(c). The court held:

> We are satisfied, and so hold, that the aggravation of her work-related injuries through the alleged malpractice of treating medical personnel presents a substantial question of coverage under the LHWCA [made applicable via NFIA], and a more conclusive determination is unnecessary.... Until Wilder has made an application for benefits and had it denied, she cannot pursue her remedy under the FTCA.

873 F.2d at 288 (footnote omitted).[1]

Appellant attempts to rely on our "dual capacity doctrine" decision in *Wright v. United States,* 717 F.2d 254, 257 (6th Cir. 1983). *Wright,* we believe, is distinguishable. In that case, the plaintiff was injured while at work, but her injury, a ruptured tubal pregnancy, was *not work-related.* Wright's attempt to claim FECA benefits was denied as not timely filed, but the letter from the DOL claims examiner denying benefits also stated that her initial injury was "a pre-existing personal pathology which is not job-related" and thus not covered by FECA. Another distinguishing factor is that Wright's primary malpractice complaint was that improper use of a respirator damaged her trachea, an injury quite distinct from the one that brought her to the hospital in the first place. On the particular facts of that case, we applied the dual capacity doctrine:

> An employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.

*Wright,* 717 F.2d at 259, quoting 2A Larson, Workmen's Compensation Law 14–229, Section 72.81 (1982).

McCall's case is plainly different from the facts in *Wright,* whose holding was based on the "unique circumstances" of the case. 717 F.2d at 260. McCall's initial injury was clearly suffered in the performance of her duties. The alleged malpractice injury was closely related to the initial injury. This case also differs from *Wright* in that there has been found to be FECA coverage involved.

## IV.

The Secretary of Labor's sole discretion under FECA set out in section 8145, the unreviewability of such action under section 8128(a), and the resulting rule that federal courts "lack subject matter jurisdiction to consider an action where there is a

---

1. Two cases contain similar holdings regarding initial injuries covered under 18 U.S.C. § 4126, which provides the exclusive remedies for federal prisoners injured in the course of performing prison jobs. *Wooten v. United States,* 825 F.2d 1039, 1044 (6th Cir.1987) ("[s]ection 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials ..."); *accord, Thompson v. United States,* 495 F.2d 192 (5th Cir.1974).

substantial question of FECA coverage," present the major bar to McCall's cause of action under FTCA. *Wright v. United States*, 717 F.2d 254, 257 (6th Cir.1983); *Joyce v. United States*, 474 F.2d 215, 219 (3rd Cir.1973); *Concordia v. United States Postal Service*, 581 F.2d 439, 442 (5th Cir. 1978); *Reep v. United States*, 557 F.2d 204, 207 (9th Cir.1977). A substantial question "is generally present where the Secretary has undertaken an 'action' to award or deny FECA benefits." *Wright*, 717 F.2d at 257, citing *Gill v. United States*, 641 F.2d 195 (5th Cir.1981).

We conclude that appellant is precluded from asserting independent liability under the FTCA; accordingly, we AFFIRM the judgment of the district court.