Felix N. UNDERWOOD

v.

UNITED STATES POSTAL SERVICE.

No. 3:90:0093.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 8, 1990.

William J. Marett, Jr., Bryan & Marett, Nashville, Tenn., for plaintiff.

Harold B. McDonough, Jr., Asst. U.S. Atty., Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court is the defendant's motion to dismiss and the plaintiff's response.

## FACTS

The plaintiff was a United States Post Office employee assigned to the Mt. Juliet, Tennessee, branch of the United States Post Office at the time the plaintiff was allegedly injured by the defendant's employee, Marjorie Gaddes Boswell. Boswell was the Postmaster of the Mt. Juliet, Tennessee, branch of the United States Post Office. Boswell was also the plaintiff's supervisor.

The plaintiff alleges that on September 26, 1986, the plaintiff was counting mail when Boswell approached him and began to verbally attack him. Boswell then allegedly called the plaintiff into her office and continued her verbal attack. The plaintiff allegedly became sick and stated that he was going home to see a doctor. Boswell allegedly told the plaintiff that he had to stay at work and finish the mail count. The plaintiff filled out a leave request form for sick leave and called his wife to pick him up because he was too sick to drive. While waiting for his wife to arrive, the plaintiff allegedly began to experience severe chest pains and difficulty in breathing. The plaintiff then allegedly lost consciousness and was taken by ambulance to a hospital. Boswell allegedly ordered the plaintiff's fellow employees not to help the plaintiff. Finally, Boswell allegedly refused to provide the plaintiff's wife with necessary medical and insurance forms.

The plaintiff then filed the present claim for damages under the Federal Tort Claims Act, 28 U.S.C. § 1346, after exhausting his administrative remedies.

## DISCUSSION

The defendant seeks dismissal of the plaintiff's Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., claim. The defendant contends that the plaintiff is precluded from bringing a claim under the Federal Tort Claims Act because the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq. (hereinafter "FECA"), is the plaintiff's sole and exclusive remedy[1].

FECA provides in pertinent part as follows:

> The liability of the United States or an instrumentality thereon ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee ...

5 U.S.C. § 8116(c). In *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–194, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983), the Supreme Court explained FECA's exclusive liability provision:

> FECA's exclusive liability provision was enacted in substantially its present form in 1949.... It was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the "quid pro quo"—commonly found in the workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

█ The plaintiff, however, argues that the Federal Employees Compensation Act is not the plaintiff's sole and exclusive remedy. The plaintiff argues that Congress

---

1. The defendant also seeks dismissal of the plaintiff's Federal Tort Claims Act suit because the plaintiff failed to name the United States as the defendant. The United States is the only proper party to an action brought under the Federal Tort Claims Act. *Mars v. Hanberry,* 752 F.2d 254 (6th Cir.1985). However, the plaintiff has since moved to substitute the United States of America for the United States Postal Service. The Court has Granted this motion.

created a new right to relief when Congress amended the Federal Tort Claims Act, 28 U.S.C. § 2679(b), by enacting the Federal Employees Liability Reform and Tort Compensation Act of 1988 (Public Law 100–694)[2].

The plaintiff is incorrect. Congress did not intend for the Federal Employees Liability Reform and Tort Compensation Act of 1988 to create any new remedies or causes of action. Rather, Congress enacted the Act solely in reaction to the Supreme Court's decision in *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), which limited a federal official's absolute immunity from tort claims to situations where the official's actions were within the course and scope of employment and the official's duties were discretionary in nature. The Act merely shores up the erosion of the common law tort immunity formerly available to federal employees and returns federal employees to the status they held prior to the *Westfall v. Erwin* decision. *See, McCall v. United States of America,* 901 F.2d 548 (6th Cir.1990); H.R. 100–700, 100th Cong., 2d Sess. 7 U.S.Code Cong. Admin.News 5945 (1988).

■ Because FECA is the exclusive vehicle for resolving claims of government employees for injury or death sustained while in the performance their duties, the plaintiff is precluded from bringing a cause of action under the Federal Tort Claims Act if the plaintiff's claim is encompassed by FECA. Once it is clear that FECA applies to a claim, then, FECA provides the plaintiff's exclusive remedy and the Secretary of Labor, not the courts, must decide the issue of liability and damages. FECA precludes judicial review of the Secretary's determination[3]. If a federal employee's injuries are clearly not compensable under FECA, then there is nothing to refer to the appropriate administrative body and the court is free to adjudicate the merits of the tort claim.

■ The plaintiff's complaint indicates that the claims for which the plaintiff is seeking damages relate to mental injuries—emotional distress, humiliation, and mental anguish—allegedly sustained in the course of the plaintiff's employment with the United States Postal Service. Specifically, the plaintiff is suing on the theory of intentional infliction of emotional distress.

The Sixth Circuit Court of Appeals has indicated that FECA is not applicable to claims for mental distress. In *DeFord v. Secretary of Labor,* 700 F.2d 281, 290 (6th Cir.1983), the Sixth Circuit wrote:

> The FECA provides generally for compensation upon disability or death of employees due to 'personal injury.' 5 U.S.C. § 8102. To the extent that the term is relevant here, the definition of an 'injury' is more specifically limited to 'injury by accident' or by 'disease proximately caused by the employment.' 5 U.S.C. § 8101(5). It has been held that '[t]he type of injuries covered in 5 U.S.C. § 8101(5) ... does not appear to include such claims as ... for discrimination, mental distress, or loss of employment.' *Sullivan v. United States,* 428 F.Supp. 79, 81 (E.D.Wisc.1977). We are inclined to agree.

---

**2.** The Federal Employee's Liability and Tort Compensation Act of 1988 provides in pertinent part as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b).

**3.** FECA provides in relevant part:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a Court by mandamus or otherwise. 5 U.S.C. § 8128(b).

Other courts have also indicated that FECA is not applicable to claims for emotional distress. *See, Sheehan v. U.S.,* 896 F.2d 1168 (9th Cir.1990); *Newman v. Legal Services Corp.,* 628 F.Supp. 535 (D.D.C. 1986). *See also, Miller v. Aldridge,* 1989 WL 62503 (E.D.La.1989).

Because FECA does not encompass claims for emotional distress, FECA obviously cannot be the plaintiff's sole and exclusive remedy, nor can FECA preclude the plaintiff from raising the plaintiff's claims under the FTCA. Thus, the defendant's motion to dismiss is DENIED.

An Order will be entered simultaneously with this Memorandum.