Betty L. SNEED, Plaintiff–Appellant,

v.

**U.S. DEPARTMENT OF LABOR, Office of Workers' Compensation Programs, Defendant–Appellee.**

No. 01–3066.

United States Court of Appeals, Sixth Circuit.

June 18, 2001.

344

Before BOGGS and SUHRHEINRICH, Circuit Judges; CLELAND, District Judge.*

Betty L. Sneed, an Ohio resident proceeding pro se, appeals a district court judgment dismissing her civil action filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. This case has been referred to a panel of the court

pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 27, 2000, Sneed filed a complaint against the United States Department of Labor, Office of Workers' Compensation Programs ("OWCP"). Sneed alleged that she had requested certain documents from her workers' compensation file under the FOIA and the Privacy Act, but the OWCP refused to provide her with those documents. Specifically, Sneed sought "Memorandums To The Director" dated August 20, 1985, March 8, 1996, December 30, 1998, and July 20, 1999. On November 28, 2000, Sneed filed an amended complaint in which she asserted a claim for workers' compensation benefits that had previously been denied her by the OWCP during the administrative process.

The OWCP filed a motion for summary judgment, to which Sneed responded. On December 26, 2000, the district court granted the OWCP's motion for summary judgment and denied Sneed's motion to amend her complaint. Sneed has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

■ Upon review, we conclude that the district court properly granted summary judgment in favor of the OWCP with respect to Sneed's FOIA/Privacy Act claim.

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

A plaintiff may bring a private cause of action under the FOIA in federal court upon a showing that an agency has improperly withheld its records. 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). The agency's possession of the requested documents is an indispensable prerequisite to liability in a FOIA suit. *See Kissinger,* 445 U.S. at 155, 100 S.Ct. 960. A plaintiff "may bring a civil action against an agency that fails to comply with any provision of the [Privacy] Act 'in such a way as to have an adverse effect on an individual.'" *Cardamone v. Cohen,* 241 F.3d 520, 525 (6th Cir.2001) (quoting 5 U.S.C. § 552a(g)(1)(D)).

█ The OWCP filed affidavits by two OWCP officials, in which both stated that they had reviewed official files and that no documents had been withheld. In response, Sneed did not present any evidence that the OWCP possesses the documents she seeks, which is a prerequisite for FOIA liability. *See Kissinger,* 445 U.S. at 155, 100 S.Ct. 960. Since the documents requested by Sneed did not exist, the OWCP did not improperly withhold agency records. *See id.*

█ We also conclude that the district court properly denied Sneed's motion to amend her complaint. *See Fisher v. Roberts,* 125 F.3d 974, 977 (6th Cir.1997); *LRL Properties v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1104 (6th Cir.1995). In her amended complaint, Sneed claimed that she suffered a knee injury during the course of her employment with the United States Postal Service, which rendered her disabled. A claim for such an injury is covered by the Federal Employees' Compensation Act, which provides the sole avenue for redress. *See* 5 U.S.C. § 8102; *Jones v. TVA,* 948 F.2d 258, 265 (6th Cir. 1991); *McCall v. United States,* 901 F.2d 548, 549 (6th Cir.1990). Thus, any amendment of Sneed's complaint to add a claim based upon the OWCP's denial of workers' compensation benefits would have been futile. *See* 5 U.S.C. § 8128(b); *Owens. v. Brock,* 860 F.2d 1363, 1367 (6th Cir.1988).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.