G. Knute **WOERTH** and G. Knute Woerth d/b/a Lamplighter of Lexington, Plaintiff-Appellant,

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 82–5445.

United States Court of Appeals, Sixth Circuit.

Argued June 24, 1983.

Decided Aug. 12, 1983.

William R. Garmer (argued), Perlman & Garmer, Peter Perlman, Lexington, Ky., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., David Y. Olinger, Jr. (argued), Asst. U.S. Atty., Lexington, Ky., for defendant-appellee.

Before LIVELY and ENGEL, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

G. Knute Woerth brought this action against the United States ("the government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* for injuries he sustained as a result of the government's alleged negligence. The facts are undisputed. Woerth contracted hepatitis from his wife, who was employed as a staff nurse by the Veteran's Administration Hospital in Lexington, Kentucky. Mrs. Woerth had contracted the disease as a result of the hospital's failure to follow its own prophylactic procedures.

Mrs. Woerth was awarded benefits under the Federal Employee's Compensation Act ("FECA") for her injuries, but Woerth's claims were administratively denied. He then brought this FTCA suit. On the government's motion for summary judgment, however, the district court determined that although not an "employee," Woerth was bound by the exclusive remedy provision of the FECA, 5 U.S.C. § 8116(c), and that his claim was therefore barred. The court then dismissed his FTCA claim for lack of jurisdiction. Woerth appeals this final judgment.

Title 5 U.S.C. § 8116(c) provides in relevant part:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

In dismissing Woerth's complaint, the district court reasoned that because Mrs. Woerth was subject to the FECA as a government employee, her husband was limited by the exclusivity provision as well. In support of this interpretation, the district judge relied upon *Posegate v. United States,* 288 F.2d 11 (9th Cir.), *cert. denied,* 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed.2d 34 (1961); *Thol v. United States,* 218 F.2d 12 (9th Cir.1954); *Underwood v. United States,* 207 F.2d 862 (10th Cir.1953); *Boyer v. United States,* 510 F.Supp. 1081 (E.D.Pa. 1981); and *Levine v. United States,* 478 F.Supp. 1389 (D.Mass.1979). These cases all held that section 8116(c) precludes a separate action for loss of consortium by a government employee's spouse.

The district court's reliance on this line of cases indicates that it has misperceived the nature of Woerth's suit. He seeks recovery for neither loss of consortium nor any other

suffering due to his wife's illness. On the contrary, he seeks compensation for his own medical expenses and lost wages.

The Supreme Court recently referred to the interrelationship of FECA's exclusive liability provision and the FTCA:

FECA's exclusive liability provision was enacted in substantially its present form in 1949. FECA Amendments of 1949, sec. 201, 63 Stat. 861 (enacting FECA § 7(b)) (currently codified at 5 U.S.C. § 8116(c)). It was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise—the "quid pro quo"—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government. See H.R.Rep. No. 729, 81st Cong., 1st Sess., 14–15 (1949); S.Rep. No. 836, 81st Cong., 1st Sess., 23 (1949), U.S. Code Cong.Serv. 1949, p. 2125. This compromise is essentially the same as that found, for example, in the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). See 33 U.S.C. § 905(a).

Lockheed Aircraft Corp. v. United States, — U.S. —, —, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983) (footnote omitted). The Longshoremen's and Harbor Workers' Compensation Act (LHWCA) does not allow a separate recovery for loss of consortium by an injured employee's spouse either. See, e.g., Thibodeaux v. J. Ray McDermott & Co., Inc., 276 F.2d 42 (5th Cir.1960); Aubrey v. United States, 254 F.2d 768 (D.C. Cir.1958); Smither & Co. v. Coles, 242 F.2d 220 (D.C.Cir.), cert. denied, 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429 (1957), overruling in part, Hitaffer v. Argonne Co., 183 F.2d 811 (D.C.Cir.), cert. denied, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950). The leading case on this question, Smither & Co., reasoned that a loss of consortium claim asserts "rights of 'husband and wife' [which] are merged into the exclusive remedy provided by the [LHWCA]...."

The proper inquiry under section 8116(c) is not merely whether the plaintiff is an "employee, his legal representative, spouse, dependents, next of kin, [or] any other person otherwise entitled to recover damages." Rather it is whether the claim is "with respect to the injury or death of an employee." While Woerth's hepatitis may derive from his wife as a matter of proximate cause, his cause of action does not. His right to recover for the negligence of the United States is based upon his own personal injury, not a right of "husband and wife." The fact that the disease was transmitted through his spouse does not place Woerth in a position different from that of any other unrelated, but similarly injured tort victim. Since Woerth is not an employee of the government and does not seek damages "with respect to" his wife's injury, he is not barred by section 8116(c) from attempting to establish his claim under the FTCA.

Reversed and Remanded.