Stanley **EDWARDS**

v.

**UNITED STATES of America and Millar Elevator Services Co.**

**Civ. A. No. 93–CV–2700.**

United States District Court, E.D. Pennsylvania.

Oct. 13, 1993.

Robert J. Garnick, Law Offices of Michael J. Garnick, Philadelphia, PA, for plaintiff.

Lois W. Davis, James G. Sheehan, U.S. Attys. Office, Philadelphia, PA, for defendant U.S.

Keith E. Johnston, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, for defendant Millar Elevator Service Co.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The instant civil action is now before the Court upon the Motion of the Defendant, United States of America to Dismiss the Plaintiff's Complaint or, in the Alternative, for Summary Judgment. For the reasons which follow, the motion is granted and Plaintiff's complaint is dismissed with prejudice.

### I. HISTORY OF THE CASE

The underlying facts in this matter, as stated in the complaint, may be briefly outlined in the following manner. On May 21, 1991, the plaintiff, Stanley Edwards, was working in the General Services Administration Building located at 5000 Wissahickon Avenue in Philadelphia when his left hand became engaged in the doors of a freight elevator, thereby injuring him. At the time of this accident, Mr. Edwards was an employee of the General Services Administration and was acting in the course and scope of his employment. The General Services Administration is an agency of the United States Government and, according to the allegations set forth in the complaint, was responsible for ensuring that the elevator in question was maintained in good working order. The plaintiff further alleges that both

the United States Government and Millar Elevator Services Co. were negligent and grossly negligent in that they "failed to maintain the premises in a proper manner and failed to employ and instruct personnel who were sufficiently qualified to maintain, inspect, [and] repair the aforesaid elevator thereby allowing said elevator to remain in a hazardous and unsafe condition."

## II. *DISCUSSION*

By way of the motion which is presently before the court, Defendant United States contends that since Plaintiff was a government employee at the time he was injured, his sole and exclusive remedy is that provided under the Federal Employee Compensation Act, 5 U.S.C. § 8101, *et seq.* Consequently, the U.S. asserts, Mr. Edwards is precluded from pursuing this cause of action against it under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

The standards governing the disposition of motions to dismiss under Fed. R.Civ.P. 12(b)(6) and motions for summary judgment under Fed.R.Civ.P. 56 are nearly identical. While a 12(b)(6) motion is generally employed to challenge the legal sufficiency of a claim or pleading filed in the district courts, a Rule 56 motion may be filed where a party wishes the court to ascertain whether a complaint's allegations have sufficient factual support to warrant their consideration at trial. *See: Liberty Lobby, Inc. v. Dow Jones & Co.,* 838 F.2d 1287 (D.C.Cir.1988), *cert. denied,* 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988); *United States v. Marisol, Inc.,* 725 F.Supp. 833 (M.D.Pa.1989). In both situations, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3rd Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Ransom v. Marrazzo,* 848 F.2d 398 (3rd Cir.1988). Likewise, summary judgment is properly entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

5 U.S.C. § 8102(a) sets forth the general principles governing the payment of compensation benefits by the federal government to injured employees. Specifically, that section provides:

(a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is—

(1) caused by willful misconduct of the employee;

(2) caused by the employee's intention to bring about the injury or death of himself or of another; or

(3) proximately caused by the intoxication of the injured employee.

Similarly, under 5 U.S.C. § 8116(c):

The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is *exclusive* and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel. (emphasis supplied)

In addition to the foregoing pronouncements, the caselaw construing the relevant sections of the Federal Employee Compensation Act or "FECA" is equally clear. FECA is a comprehensive workers' compensation law for federal employees that

524

is designed to provide quick and uniform coverage for work-related injuries. *Woodruff v. U.S. Department of Labor,* 954 F.2d 634, 639 (11th Cir.1992). The program FECA establishes is similar in structure and policy to state workers' compensation programs. The heart of the system is an implicit bargain: employees are granted surer and more immediate relief in return for foregoing more expensive awards outside the system. *Gill v. United States,* 641 F.2d 195, 197 (5th Cir.1981). It has therefore repeatedly been held that FECA itself is the exclusive remedy for federal employees within its coverage and that federal employees' injuries that are compensable under FECA cannot be compensated under other federal remedial statutes, including the Federal Tort Claims Act. *Votteler v. U.S.,* 904 F.2d 128, 130 (2nd Cir. 1990); *Griffin v. United States,* 703 F.2d 321, 322 (8th Cir.1983); *Wallace v. United States,* 669 F.2d 947, 951 (4th Cir.1982); *Williams v. General Services Administration,* 582 F.Supp. 442, 444 (E.D.Pa.1984). Stated otherwise, after the Secretary of Labor makes a determination to award benefits, the injured employee's exclusive remedy is to accept FECA coverage. *Woodruff, supra,* at 639.

Finally, it should be noted that the FECA covers liability created both by negligent and intentional acts on the part of the Government. *Green v. Hill,* 954 F.2d 694, 697 (11th Cir.1992), modified, *per curiam,* on other grounds, 968 F.2d 1098 (11th Cir.1992) citing, *inter alia, Heilman v. United States,* 731 F.2d 1104, 1111 n. 6 (3rd Cir.1984).

Applying all of the preceding principles to the case at bar, we observe from the exhibits attached to and in support of the moving defendant's motion that the plaintiff applied for, was awarded and accepted FECA benefits in compensation for the injuries which he sustained in the course and scope of his employment in May, 1991. Indeed, Mr. Edwards' sole argument in defense of the instant lawsuit consists of his assertion that he should be permitted to take discovery so as to establish that the defendants intentionally permitted the elevator in question to remain in a defective condition. While we acknowledge the correctness of Plaintiff's assertion that there is an intentional tort exception under the Pennsylvania Workers' Compensation Act, 77 P.S. § 411, as the aforecited caselaw reflects there is no such intentional tort exception under the federal act. Thus, even if we were to grant Plaintiff leave to conduct discovery and amend his complaint to allege an intentional act on the part of the government, he still would not be able to establish a claim for relief. Accordingly, we can reach no other conclusion but that the plaintiff's exclusive remedy must be under FECA and that he therefore cannot maintain this cause of action. Moving Defendant's motion to dismiss or in the alternative, for summary judgment shall therefore be granted pursuant to the following order.

### ORDER

AND NOW, this 13th day of October, 1993, upon consideration of the Motion of the Defendant, United States of America to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment, it is hereby ORDERED that the said Motion is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.