Roger SALTSMAN and Carolyn Saltsman, Individually and as next of friends of Julie Saltsman, a minor; Estate of Paul Higdon, by and through Charlene Higdon, as Administrator and Individually; Estate of Wanda Simmons, by and through Smitty Simmons, as Administrator and Individually; Judy A. Nemec; Donald N. Nemec, Sr., Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 96–5028.

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 18, 1996.

Decided Jan. 9, 1997.

J. Timothy Cocanougher (briefed), Mattingly, Sims & Cocanougher, Springfield, KY, for Plaintiffs–Appellants.

Terry M. Cushing, David L. Huber (briefed), Asst. U.S. Attorneys, Office of the U.S. Attorney, Louisville, KY, for U.S.

Before: KENNEDY, JONES, and BOGGS, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiffs appeal the order of the District Court granting a motion to dismiss this suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. (1994), and holding that the Federal Employee Compensation Act ("FECA"), 5 U.S.C. §§ 8101 et seq. (1996), provides the exclusive remedy for claims against the United States relating to work-place injuries and wrongful death of federal employees. For the following reasons, we AFFIRM.

## I. Procedural History and Facts

Arthur Hill worked as a civilian employee at the Fort Knox Military Reservation, a base in Kentucky run by the Department of the Army. On October 18, 1993, a work day, Hill entered his work place and shot and killed his fellow employees Paul Higdon, Wanda Simmons, and Deborah Glenn.[1] He also shot and permanently injured coworkers Roger Saltsman and Judy Nemec. Hill then killed himself.

On August 3, 1995, plaintiffs filed the instant complaint in federal district court. In the complaint, plaintiffs purported to proceed under the FTCA,[2] alleging that defendant negligently supervised and retained Hill. Plaintiffs Judy Nemec and Roger Saltsman sought to collect for their pain and suffering, emotional distress, medical expenses, loss of the enjoyment of life, and lost future earnings. The spouses of those plaintiffs further sought to collect for their own emotional distress and loss of marital consortium; similarly, the Saltsman plaintiffs acted on behalf of their daughter to seek damages for loss of parental companionship. As the administrators of the decedents' estates, the spouses of Paul Higdon and Wanda Simmons sought to collect for lost future earnings; as individuals, they sought to collect for emotional distress and loss of marital consortium. The injured employees and the decedents' estates previously have applied for and received ben-

---

1. The estate of Deborah Glenn is not a party to this action.

2. Plaintiffs asserted that the District Court had jurisdiction under 28 U.S.C. § 1346(b) (1993), which provides that federal district courts have

exclusive jurisdiction over civil actions against the United States for damages for property loss, personal injury, or death caused by a federal employee while acting within the scope of his employment.

efits under FECA for loss of income and medical expenses.

On October 10, 1995, defendant filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1), arguing that the District Court lacked subject matter jurisdiction over the complaint because FECA provided the exclusive remedy for plaintiffs' claims. On December 8, 1995, the District Court issued a written opinion and order granting the motion by defendant and dismissing the complaint. Plaintiffs timely appeal the ruling by the District Court.

## II. Analysis

■ The District Court granted the motion to dismiss because it found that FECA preempted plaintiffs' FTCA claims and therefore prevented FTCA from providing a statutory basis for federal jurisdiction. We review *de novo* the grant of a motion to dismiss for lack of subject matter jurisdiction. *See Kroll v. United States,* 58 F.3d 1087, 1090, 1092 (6th Cir.1995)(upholding dismissal of FTCA claims preempted by Postal Reorganization Act).

■ "Recovery for injuries covered under FECA is clearly limited and exclusive." *McCall v. United States,* 901 F.2d 548, 549 (6th Cir.), *cert. denied,* 498 U.S. 1012, 111 S.Ct. 580, 112 L.Ed.2d 585 (1990). The statute provides:

> The *liability of the United States* ... under this subchapter ... *with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States* ... to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States ... because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or *under a Federal tort liability statute.*

5 U.S.C. § 8116(c)(emphasis added). The Supreme Court has explained the purpose of this section:

> FECA's exclusive-liability provision .... was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise-the *"quid pro quo"* -commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

*Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193–94, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983)(emphasis in original). "[O]nce an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court." *Jones v. Tennessee Valley Auth.,* 948 F.2d 258, 265 (6th Cir.1991); *see generally Turner v. Tennessee Valley Auth.,* 859 F.2d 412 (6th Cir.1988)(describing exclusive nature of FECA and holding that it preempted Jones Act claim asserted by spouse of drowned government employee).

The surviving employees seek to recover damages for their pain and suffering and emotional distress.[3] They argue that FECA cannot be their exclusive remedy because it denies compensation for such damages. Plaintiffs emphasize that FECA neither applies to a claim for retaliatory discrimination nor precludes such a claim under the Energy Reorganization Act. *See DeFord v. Secretary of Labor,* 700 F.2d 281, 290–91 (6th Cir.1983). They further stress that *DeFord* quoted language from a federal district court opinion stating that FECA does not apply to claims "for discrimination, *mental distress,* or loss of employment." *See id.* at 290 (quoting *Sullivan v. United States,* 428 F.Supp. 79, 81 (E.D.Wis.1977) (emphasis added)); *see also Underwood v. United States Postal Serv.,* 742 F.Supp. 968, 970–71

---

**3.** In the complaint, the surviving employees and the estates of the decedents requested damages to recover for medical expenses and lost future wages. In their brief on appeal, however, plaintiffs admit that "[t]hese injuries are clearly compensable under the FECA and therefore are unavailable under any other statutes."

(M.D.Tenn.1990)(relying on *DeFord* to hold that FECA did not apply to, and thus did not preclude, claim for intentional infliction of emotional distress when supervisor verbally attacked employee).

Subsequent to *DeFord,* however, the Sixth Circuit has described the language in *DeFord* stating that FECA does not apply to claims regarding mental distress as "dictum." *See McDaniel v. United States,* 970 F.2d 194, 196 (6th Cir.1992). Further, the *McDaniel* Court held that FECA applied to, and therefore preempted, a claim of intentional infliction of emotional distress when the harassment of a supervisor triggered a psychiatric hospitalization. *See id.* at 196–98; *see also Jones,* 948 F.2d at 265 (upholding dismissal of claim for intentional infliction of emotional distress because FECA provided only remedy for employee disabled by work-related stress).

■ We need not decide in this case, however, exactly when FECA encompasses causes of action predicated entirely upon nonphysical injury. The statute certainly provides the exclusive remedy for *all* damages arising out of a discrete personal injury[4] which kills or disables an employee, such as the injuries at issue here. *See Figueroa v. United States,* 7 F.3d 1405, 1408 (9th Cir.1993)(upholding dismissal of FTCA claims regarding mental distress when distress derived from the plaintiffs' concerns regarding their physical injuries), *cert. denied,* 511 U.S. 1030, 114 S.Ct. 1537, 128 L.Ed.2d 190 (1994).[5] The emotional and physical pains suffered by the surviving employees stem from their gunshot wounds, for which FECA, according to the explicit language of the statute, provides the exclusive remedy. Plaintiffs cannot avoid the exclusive and limited nature of relief under FECA by labelling their various damages as an array of different claims to which defendant is subject, some covered by FECA and some not. *Cf. Bruni v. United States,* 964 F.2d 76, 78–80 (1st Cir.1992)(when holding that complaint must be dismissed so that Secretary of Labor could decide whether an employee was performing her work duties when a coworker shot and killed her, court accepted without discussion the premise that FECA provides the sole remedy for claims of negligent supervision and infliction of emotional distress brought by decedent's spouse).

■ The spouses of the employees at issue, as well as the daughter of the Saltsman plaintiffs, further seek to recover damages for emotional distress and loss of consortium or parental services. As noted, FECA provides the exclusive remedy for claims raised by the spouse or dependent of an employee who has suffered a death or injury covered under FECA when the asserted cause of action arises out of the employee's injury or death. *See* 5 U.S.C. § 8116(c). Whether FECA bars a claim by the spouse or dependent of an employee depends upon whether the claim seeks damages "with respect to the injury or death of [the] employee." *Woerth v. United States,* 714 F.2d 648, 650 (6th Cir.1983).[6]

■ In the instant case, FECA bars every claim asserted by the spouses of the deceased and injured employees, as well as the claims on behalf of the Saltsmans' daughter: those claims seek to recover damages suffered precisely because the death or injury of

---

4. FECA defines "injury" as "includ[ing], in addition to injury by accident, a disease proximately caused by the employment, and damage to or destruction of [a prosthetic device]...." 5 U.S.C. § 8101(5).

5. In *Sheehan v. United States,* 896 F.2d 1168, 1174, *amended by* 917 F.2d 424 (9th Cir.1990), the Ninth Circuit relied in part upon *DeFord* in order to hold that FECA did not preempt FTCA claims for emotional distress when the plaintiff alleged that her supervisor had harassed her sexually and then retaliated against her when she rejected his advances. The *Figueroa* court distinguished *Sheehan* by stating that the plaintiff in that case was able to pursue a FTCA claim because her emotional distress was "divorced from any claim of physical harm," whereas the mental distress of the physically-injured *Figueroa* plaintiffs was "tied to physical harm." *See Figueroa,* 7 F.3d at 1408.

6. The plaintiff in *Woerth* contracted hepatitis through his wife, who had contracted the disease due to the negligence of the government, her employer. *Id.* at 649. FECA did not bar his FTCA claim because he sought to recoup damages for his own personal and discrete injury, rather than for damages deriving from or "with respect to" the injury to his wife. *Id.* at 650.

a given employee has impaired the special relationship between that employee and his or her spouse or dependant. *See id.; see also Grijalva v. United States*, 781 F.2d 472, 474–75 (5th Cir.)(under *Woerth,* FECA barred FTCA claim by daughter of injured employee for loss of support and services), *cert. denied*, 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 42 (1986); *Bates v. Harp*, 573 F.2d 930, 934 n. 2 (6th Cir.1978)(when FECA provides the exclusive remedy for an injured employee, the statute necessarily precludes recovery for a loss of consortium claim by the spouse of the employee); *Pitt v. Matola*, 890 F.Supp. 89, 94–95 (N.D.N.Y.1995)(FECA barred loss of consortium claim by husband of government employee injured in car accident at work).

Plaintiffs assert that FECA violates the Kentucky Constitution if FECA is their exclusive remedy but fails to provide complete compensation. This claim is meritless. Regardless of whether, as plaintiffs claim, the Kentucky Constitution conflicts with FECA, the Supremacy Clause, *see* U.S. CONST. art. VI, cl. 2, "invalidates all state laws that conflict or interfere with an Act of Congress." *Rose v. Arkansas State Police*, 479 U.S. 1, 3, 107 S.Ct. 334, 335, 93 L.Ed.2d 183 (1986).

Plaintiffs finally assert that regardless of FECA, defendant nonetheless owes them common law duties as a property owner. However, whatever the underlying state law which gives rise to the potential tort claim, FECA preempts that claim. Whether it is liability in employing a dangerous employee, or failing to supervise, or negligently maintaining its property, FECA preempts all claims for employees' physical injury and death.

■■■ Defendant suggests that plaintiffs might be attempting to argue that they may utilize the dual-capacity doctrine to assert a FTCA claim. The dual-capacity doctrine treats defendant as a third party outside the application of FECA and allows an employee to pursue a FTCA claim for injuries incurred when his relationship to defendant was not one of employer-employee. *See Wright v. United States*, 717 F.2d 254, 259 (6th Cir.1983)(employee of the Veterans Administration could rely upon dual-capacity doctrine in order to sue the government under FTCA because she received her injuries as a patient in an Administration hospital).[7] Even if plaintiffs are attempting to invoke the dual-capacity doctrine, however, it is inapplicable to the instant case. The record indicates only that the employees at issue suffered their injuries at their work place and during their work day. Indeed, the awards of FECA benefits already received by plaintiffs are predicated upon this fact. The dual-capacity doctrine therefore does not apply because defendant was acting solely in its capacity as the employer of the injured.

### III. Conclusion

Accordingly, we AFFIRM the order of the District Court.

---

7. The dual-capacity doctrine appears merely to represent a rewording of the standard inquiry under FECA of whether an employee suffered his injuries "while in the performance of his duty." *See* 5 U.S.C. § 8102(a); *see also McCall*, 901 F.2d at 551 (explaining that plaintiff in *Wright* could assert FTCA claim under dual-capacity doctrine because her injury was not work-related).