Terry GREATHOUSE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civil Action No. 3:96CV–740–H.

United States District Court,
W.D. Kentucky.

April 24, 1997.

J. Timothy Cocanougher, Springfield, for Plaintiff.

James H. Barr, III, United States Attorney's Office, Louisville, for Defendant.

## MEMORANDUM OPINION

HEYBURN, District Judge.

Defendant has moved to dismiss Plaintiff's claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA"), claiming that Plaintiff's claims under FTCA are barred by the Federal Employees Compensation Act, 5 U.S.C. § 8116(c) ("FECA"). For the reasons set forth in this Memorandum Opinion, the Court will stay this action until Plaintiff can receive a determination from the Department of Labor as to the applicability of FECA.

### I.

Plaintiff was employed by the Corps of Engineers, through the Department of the Army. During the course of Plaintiff's employment a co-worker threatened his life at the job site and continually harassed him. Plaintiff alleges no accident or physical injury, but does claim that he suffered emotional and psychological damages. Plaintiff complains that his supervisors failed to properly remedy the situation or respond to his complaints and intentionally inflicted further emotional harm upon him by initiating termination procedures. Based on these facts, Plaintiff has asserted a cause of action under FTCA. Plaintiff has not filed an action under FECA. Defendant argues that Plaintiff's complaint must be dismissed since his exclusive remedy is under FECA.

### II.

■ FECA is the exclusive remedy against the United States for an employee who has suffered a disability resulting from "personal injury sustained while in the performance of his duty." *See* 5 U.S.C. § 8102(a). The statute defines "injury" to include an injury by accident as well as a disease "proximately caused by the employment." *See* 5 U.S.C. § 8101(5). If an employee's injury is covered by FECA, the employee may not seek compensation for the injury under any other federal remedial statute. *See* 5 U.S.C. § 8116(c); *see also Wright v. United States*, 717 F.2d 254, 257 (6th Cir.1983) ("Injuries which are compensable under FECA, therefore, cannot be compensated under other federal remedial statutes such as the Federal Tort Claims Act."). Therefore, if Plaintiff's injuries are compensable under FECA, then Plaintiff's FTCA claim must be dismissed.

■ Judge Kennedy's recent decision in *Saltsman v. United States*, 104 F.3d 787 (6th Cir.1997), involves facts similar to those here and resolves many of the legal issues which the parties dispute. Once an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained. FECA is designed to protect the government from other suits by establishing a "quid pro quo"—government employees are guaranteed immediate compensation regardless of fault, but in return they lose the right to sue the government. *Id.* at 789.

■ Plaintiff argues that because he suffered injury by neither accident nor disease, FECA provides no remedy for him. Therefore, Plaintiff contends, he may seek recovery under FTCA.[1] The question central to the resolution of this dispute is whether emotional injuries unaccompanied by physical injury are compensable under FECA. The

---

1. FTCA provides a remedy for persons suing the United States for injury caused by a federal employee while acting within the scope of his employment. 28 U.S.C. §§ 2671 *et seq.*

Sixth Circuit has struggled with the issue but it remains unresolved. *See Saltsman v. United States,* 104 F.3d 787, 790 (6th Cir. 1997) ("We need not decide in this case, however, exactly when FECA encompasses causes of action predicated entirely upon nonphysical injury.")

In *Saltsman,* the court held that FECA covered emotional and physical damages arising out of gunshot wounds, because the damages arose from a discreet personal injury which killed or disabled the employees. *Saltsman,* 104 F.3d at 790. The court refused to separate out the emotional damages from the physical damages in determining what was covered by FECA. *Id.* ("Plaintiffs cannot avoid the exclusive and limited nature of relief under FECA by labeling their various damages as an array of different claims to which defendant is subject, some covered by FECA and some not."). In arriving at this conclusion, the court relied, in part, on the Ninth Circuit's distinction between emotional distress claims tied to physical harm, which were covered, and emotional distress claims which were divorced from any claim of physical harm, which were not covered by FECA. *See id.* n. 5.

The *Saltsman* court suggested that FECA may also cover emotional injuries unrelated to a physical injury. *See Saltsman,* 104 F.3d at 790. The court noted that although an earlier Sixth Circuit decision, *DeFord v. Secretary of Labor,* 700 F.2d 281, 290 (6th Cir. 1983), said that FECA did not apply to claims of mental distress, a later decision, *McDaniel v. United States,* went the other way:

> Subsequent to *DeFord* ... the Sixth Circuit has described the language in *DeFord* stating that FECA does not apply to claims regarding mental distress as "dictum." *See McDaniel v. United States,* 970 F.2d 194, 196 (6th Cir.1992). Further, the *McDaniel* Court held that FECA applied to, and therefore preempted, a claim of

intentional infliction of emotional distress when the harassment of a supervisor triggered a psychiatric hospitalization.

*Saltsman,* 104 F.3d at 790.

Nonetheless, the issue has not been resolved definitively. The *McDaniel* court explained that even though it may have disagreed with the outcome, the Secretary of Labor had decided that FECA covered McDaniel's claims and "the Secretary's determination of the scope [of FECA] is binding upon this court." *McDaniel v. United States,* 970 F.2d 194, 197 (6th Cir.1992). The court did not state a general rule as to the applicability of FECA; it only determined that the Secretary's decision on that issue was conclusive. As a result, it left the question of whether FECA categorically covers emotional distress claims, absent physical injury, unanswered. Moreover, none of these cases explain what this Court should do when a plaintiff with a potential FECA claim completely bypasses that exclusive remedy.

### III.

Where there is a substantial question as to coverage under FECA, the most appropriate course of action seems to be for the court to stay its proceedings pending a determination by the Secretary of Labor. *McDaniel v. United States,* 970 F.2d 194, 198 (6th Cir. 1992); *Wright v. United States,* 717 F.2d 254, 257 (6th Cir.1983). *See also* 5 U.S.C. 8145 (stating that the Secretary of Labor will decide all questions arising under this subchapter).[2]

The question here, then, is whether the coverage of emotional damages under FECA presents a "substantial question" to this Court. The standard for determining whether a question is "substantial" is whether, as a matter of law, the Secretary could not find coverage in the given circumstances. *Concordia v. United States Postal Service,* 581 F.2d 439, 442 (5th Cir.1978).[3] In order

---

2. This makes sense since the policy behind the statutory prohibition against judicial review of the Secretary's decision as to coverage is to keep the application of FECA uniform. If circuits could decide "substantial questions" of coverage, they would likely end up with different results and thwart this underlying policy.

3. The *Concordia* court explained that "to avoid sending the case to the Secretary of Labor, we must essentially decide as a matter of law that, viewing all of the circumstances, the Secretary could not find FECA coverage of Concordia's claim." *Concordia,* 581 F.2d at 442. By way of explanation, the court pointed out that 5 U.S.C.A.

to proceed with this case, the Court must conclude that the Secretary of Labor could not possibly find that emotional damages are covered under FECA.

The Court cannot make this determination. First, 20 C.F.R. § 10.5(a)(16), which deals with the definitions and use of terms under FECA, defines an "occupational disease or illness" as including "a condition produced in the work environment over a period longer than a single workday or shift by ... continued or repeated stress or strain." Since mental distress is arguably a form of stress, the Secretary could find that it is covered by FECA.[4] Second, the Secretary has found that emotional distress damages, absent any physical injury, are covered under FECA on at least one other occasion. *See, e.g., McDaniel v. United States*, 970 F.2d 194 (6th Cir.1992). As a result, this court cannot conclude that the Secretary could not find that Plaintiff's emotional damages are covered by FECA.

Therefore, there is a "substantial question" as to coverage in this case which justifies a delay in these proceedings. Rather than dismissing the case and putting Plaintiff in peril of losing his possible FTCA claim because the statute of limitations has run, the Court will hold the case in abeyance pending the decision by the Secretary as to Plaintiff's coverage under FECA.

The Court will enter an order consistent with this Memorandum Opinion.

## ORDER

Defendant has moved to dismiss Plaintiff's claim because FECA provides the exclusive remedy for damages arising out of injuries occurring in the performance of an employee's work. The Court has issued a Memorandum Opinion addressing this issue. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims be held in abeyance, for a reasonable time, pending determination by the U.S. Secretary of Labor as to the applicability of the Federal Employees Compensation Act ("FECA") to Plaintiff's claims. In the event Plaintiff fails to file a claim under FECA within forty-five (45) days from the date of this order, this action will be subject to summary judgment. Counsel shall advise the Court in writing promptly upon a final decision herein rendered by the Secretary of Labor on the claim under the Federal Employees Compensation Act.

8128(b) "precludes judicial review of the Secretary's action in allowing or denying payment under FECA. It stands to reason, therefore, that if we cannot correct what we deem to be errors in the Secretary's determination, we should not be able to deny him the opportunity to make such decisions unless we are certain that he would find no coverage." *Concordia,* 581 F.2d at 443.

**4.** *See, e.g., Figueroa v. United States,* 7 F.3d 1405, 1408 (9th Cir.1993).