Alberta DUBEE

v.

William HENDERSON.

No. 2:98 cv 288.

United States District Court,
D. Vermont.

June 29, 1999.

John Christopher Page, Paterson & Walke, P.C., Montpelier, VT, David Norden Cole, Law Office of David N. Cole, Hanover, NH, for Alberta Dubee, plaintiff.

Carol L. Shea, AUSA, Office of the United States Attorney, Burlington, VT, for William J. Henderson, as Postmaster General of the United States Postal Service, defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

Plaintiff Alberta Dubee ("Dubee") filed this lawsuit on August 19, 1998 against William Henderson ("Henderson"), United States Postmaster General, alleging various claims arising out of her employment with the U.S. Postal Service. Henderson filed a Motion to Dismiss (paper 5) pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons cited below, the Court hereby DENIES the Motion to Dismiss.

### I. *Factual Background*

Dubee has been employed with the U.S. Postal Service since 1985. She began her career as a letter carrier. In 1992, she filed an administrative claim against the postal service alleging she had been the victim of sexual harassment by another worker. She suffered from post-traumatic stress disorder ("PTSD") as a consequence of the harassment. The postal service settled her claim in February 1993. Under the terms of that settlement, she was promoted to postmaster in Websterville, Vermont and received medical and lost wages benefits under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101–8193. Soon after Dubee undertook the postmaster position in Websterville, she claims she was subjected to retaliatory harassment by other employees. She also alleges her supervisor, Paul Jewett ("Jewett"), did nothing to stop the harassment. She suffered recurrent symptoms of PTSD and fibromyalgia. She sought and received FECA benefits from November 27, 1996 to the present. She has been unable to work for the past two years.

As a result of the retaliatory harassment alleged and the recurrence of PTSD, Dubee requested to be transferred to another supervisor. Furthermore, after filing her FECA claim, she refused to permit her medical records to be shown to her supervisor. Eventually, after what she purports to be an excessive delay, she reached an

agreement with the postal service permitting surrender of her medical records upon assurances that those documents would not be shown to her supervisor.

Dubee raises a number of claims. First, she contends she has been subjected to retaliatory harassment by employees and supervisors of the postal service in violation of Title VII. She also brings a number of failure to accommodate claims under the Rehabilitation Act, including allegations that the postal service (1) failed to reassign her upon request, (2) failed to promptly agree to guarantee to keep her medical records confidential, (3) vigorously fought her request for FECA benefits and (4) denied her a position as postmaster in East Randolph, Vermont despite being the most qualified candidate for the appointment.

## II. *Standard for Motion to Dismiss*

Henderson seeks dismissal of Dubee's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Dubee is not required to plead every fact upon which she bases her claim; rather, the complaint need only contain " 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citation omitted). On a motion to dismiss, a court considers the legal sufficiency of the claim as stated in the complaint and does not weigh facts underlying the claim or their merits. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). Dubee's complaint is construed in the light most favorable to her, her factual allegations are accepted as true and all inferences are drawn in her favor. *Press v. Chemical Inv. Serv. Corp.,* 166 F.3d 529, 534 (2d Cir.1999); *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989). A court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* at 45–46, 78 S.Ct. 99; *see also, Hishon v.*

*King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

## III. *Discussion*

Henderson's Motion to Dismiss contends: (1) Dubee's Title VII and Rehabilitation Act claims are barred by her application for and receipt of FECA benefits; (2) Dubee's Title VII and Rehabilitation Act claims are mutually exclusive, requiring her to make an election between the two; (3) Dubee is not a disabled person under the Rehabilitation Act, nor can she prove the postal service failed to provide reasonable accommodation for her disability; and (4) the retaliatory harassment claim is in fact an allegation of a hostile work environment which is not cognizable under Title VII. The Court will address each argument in turn.

## A. *Plaintiff's FECA award and the Rehabilitation Act and Title VII.*

■ Under 5 U.S.C. § 8116(a) a federal employee may not receive federal salary, pension or retirement pay while receiving compensation related to an employment related injury pursuant to FECA. FECA is the exclusive remedy for a federal employee against the United States for a personal injury suffered while in the performance of their duties. *See,* 5 U.S.C § 8102(a). The purpose of the FECA preemption is to limit the government's liability in order that injured employees can be paid a reasonable level of compensation for job related injuries, regardless of fault. *Tredway v. District of Columbia,* 403 A.2d 732 (D.C.1979). The goal of FECA is to obtain recoveries which, although smaller, are more certain and less costly in exchange for the right to sue the federal government. *Lance v. United States,* 70 F.3d 1093, 1095 (9th Cir.1995) ("when Congress gave federal employees the right to recover for an injury under FECA, it took away their rights to sue the government in tort

...").[1] FECA is the exclusive remedy for injured federal employees within its coverage, *Edwards v. United States*, 833 F.Supp. 521 (E.D.Pa.1993); and it preempts federal workers' tort claims. *Greathouse v. United States*, 961 F.Supp. 173, 174–5 (W.D.Ky.1997) ("Once an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained").

The issue before the Court is whether receipt of benefits for worker's compensation under 5 U.S.C. § 8101 precludes relief for claims of unlawful employment discrimination or retaliation under other statutes. Generally, courts have determined that receipt of FECA benefits does not bar Title VII or Rehabilitation Act claims. *See, Miller v. Bolger*, 802 F.2d 660, 665–66 (3d Cir.1986) (employee's recovery of Federal Employees Compensation Act benefits did not preclude Title VII remedies for discrimination); *Reidy v. Runyon*, 971 F.Supp. 760, 769–71 (E.D.N.Y.1997) (FECA does not operate as a bar to a Title VII or Rehabilitation Act recovery). *See also, Nichols v. Frank*, 42 F.3d 503, 515–16 (9th Cir.1994); *George v. Frank*, 761 F.Supp. 256, 259 (S.D.N.Y.1991); *Karnes v. Runyon*, 912 F.Supp. 280, 285 (S.D.Ohio 1995). Those opinions are founded upon a perceived distinction between the purposes of FECA as opposed to Title VII and the Rehabilitation Act, as well as the available remedies under each legislative scheme.

 Dubee's receipt of FECA benefits limits her from receiving further compensation for accidental personal injuries suffered at work during the relevant period, including receipt of awards under the Federal Torts Claims Act. FECA's coverage is only for personal injuries "proximately caused by the employment." 5 U.S.C. § 8101(5). It is, in effect, a "no-fault" insurance policy which saves the government and its employees the expense and uncertainty of litigation regarding personal injuries related to the workplace. FECA does not provide relief for injuries due to discrimination, nor does it compel relief for disabled employees seeking reasonable accommodations in the workplace.

The harms addressed by Title VII and the Rehabilitation Act and the remedies available under these statutes differ significantly from FECA. Claims under Title VII and the Rehabilitation Act oftentimes arise out of intentional conduct on the part of employers, such as discrimination or retaliation. Moreover, claims under Title VII and the Rehabilitation Act seek equitable relief generally in addition to compensatory damages.

[If the Court] were to agree with the Postmaster General's theory that FECA recovery constitutes an election by the employee and divests the federal court of subject matter jurisdiction in Title VII cases, there would be no vehicle by which a federal employee could secure an order directing reinstatement, if warranted. Such a result would defeat the important public purpose expressed in Title VII of eliminating discrimination. Given the dissimilarity of relief available under FECA and Title VII, it is evident that exclusivity would leave [a plaintiff] without full compensation for [her] Title VII injuries.

*Miller v. Bolger*, 802 F.2d at 663–64.

FECA does not therefore provide relief for injuries due to discrimination, nor does it compel relief for disabled employees seeking reasonable accommodations as do the broader Title VII and the Rehabilitation Act. This lawsuit alleges intentional acts on the part of the defendant and a core aspect of the request for relief is equitable. Thus the harm complained of and the relief sought by Dubee fall outside the FECA parameters.

Moreover, 5 U.S.C. § 8116(a) was enacted before Title VII or the Rehabilitation Act, neither of which makes any reference to the preclusive effect of FECA. Certainly if Congress had intended FECA's restric-

---

1. *Lance* involved a tort suit arising from medical negligence.

tive language to apply to Title VII and the Rehabilitation Act, it could have stated so in these remediation statutes. As explained by one Court:

[W]hen Congress amended Title VII to add federal employees, it made no mention of FECA preempting recovery under Title VII. Furthermore, the fact that FECA and Title VII provide for distinctive types of relief is further evidence that FECA does not preclude recovery.... [I]njuries caused by discrimination in violation of the Rehabilitation Act or Title VII are not covered by FECA. Therefore, FECA does not preclude recovery for injuries caused by illegal discrimination.

*Karnes v. Runyon,* 912 F.Supp. at 285 (citations omitted).

If Congress so wishes, it can divest federal employees, who are entitled to FECA benefits, of their concurrent right to seek relief pursuant to either the Rehabilitation Act or Title VII. It would be highly inappropriate for a federal court to rewrite the law in such a way given the diversity of goals of the three statutes and Congress's refusal to write such a prohibition into FECA's statutory framework when it had the opportunity. There is therefore no merit to Henderson's argument that Dubee's FECA benefits preclude recovery under the Rehabilitation Act or Title VII.

B. *Interplay between Rehabilitation Act and Title VII*

■ As an alternative to dismissing the complaint, Henderson claims that Dubee must chose either the Rehabilitation Act claim or a Title VII claim because the remedies are "mutually exclusive." The essence of Dubee's Rehabilitation Act claim is that the postal service failed to accommodate reasonably her handicap, and the essence of her Title VII claim is that she was subjected to retaliatory harassment for engaging in protected activity.

The Court agrees that Dubee may not receive damages under both Title VII and the Rehabilitation Act for identical conduct which may be violative of both statutes. Therefore, after discovery is completed, it may be necessary to require Dubee to make a choice between the Rehabilitation Act and Title VII. *See, e.g., Rivera v. Heyman,* 157 F.3d 101, 104–5 (2d Cir.1998) ("the two sections were not intended to provide alternative means to obtain relief for the same act of discrimination against a federal employee"). However, at the beginning stages of this litigation, there is no reason to speculate about what the parties will uncover or what legal theories they may develop or refine in preparing this case. Plaintiff must have an opportunity for discovery. The Court will address the issue of election prior to trial upon request of either party.

C. *Dubee pleaded facts which could both prove she is a disabled person under the Rehabilitation Act, and prove the postal service failed to provide reasonable accommodation.*

■ To assert a valid claim under the Rehabilitation Act, a complainant must prove: (1) she is an individual with a disability; (2) she can perform the essential functions of the job in question with or without accommodation and (3) she was mistreated solely because of her disability. A disability is defined as a physical or mental impairment which substantially limits one or more of her major life activities, including her employment. *Heilweil v. Mount Sinai Hosp.,* 32 F.3d 718, 722 (2d Cir.1994), *cert. denied* 513 U.S. 1147, 115 S.Ct. 1095, 130 L.Ed.2d 1063 (1995). A person with a substantial limitation on a major life activity is defined as someone who is

significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial

limitation in the major life activity or working.

29 C.F.R. § 1630.2(j)(3)(i).

■ Dubee alleges in her complaint that her mental condition substantially impaired her ability to work, although with reasonable accommodation she was qualified for a postmaster position. Whether she suffers from a "substantial limitation" on a major life activity, i.e., her employment, is a factual question. At this point, the Court must determine only whether it appears beyond doubt that she cannot prove she is a member of the protected class. No discovery has been conducted at this point. The Court cannot find there is no possibility that she suffers from a qualifying disability under the Rehabilitation Act.

Similarly, the presence of reasonable accommodation is also necessarily fact specific. *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 385 (2d Cir.1996). This Court has found previously that an employer does not have an obligation "to transfer [an] employee *solely* to allow [her] to work under a different supervisor." *Brace v. Int'l Bus. Mach.*, 953 F.Supp. 561, 565 (D.Vt.1997) (emphasis added). However, in this case, Dubee has alleged numerous instances of failure to accommodate her disability in addition to the refusal to transfer her to another supervisor, including rejecting her for the postmaster position in East Randolph, unreasonably contesting her request for FECA benefits, and delaying acceptance of her demands to maintain confidentiality of her medical records. Again, especially in light of the lack of discovery regarding these issues, the Court finds Henderson has failed to show there is no possibility for Dubee to establish failure to accommodate under the Rehabilitation Act.

Henderson's motion to dismiss on the ground that Dubee is not disabled within the meaning of the Rehabilitation Act is DENIED.

### D. *Title VII claim for retaliatory harassment.*

Dubee has brought an action for retaliatory harassment. Title 42 U.S.C. § 2000e–3(a) provides:

It is unlawful for an employer to discriminate against any of his [or her] employees ... because [s/]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s/]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

"Title VII ... is violated when a retaliatory motive plays a part in adverse employment actions toward an employee." *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1038–39 (2d Cir.1993).

Henderson argues Dubee's assertion of retaliatory harassment is in fact a hostile work environment claim, and that there is no cause of action within Title VII for a hostile work environment theory. Dubee's complaint alleges, however, not hostile work environment, but rather a violation of 42 U.S.C. § 2000e–3(a). Defendant's narrow characterization of Dubee's claim does not therefore comport to the facts alleged in the complaint and the clear intention of the plaintiff to bring a Title VII retaliation claim. Furthermore, at oral argument the defendant conceded that viewed as a Title VII retaliatory harassment claim, Dubee's complaint is not subject to a motion to dismiss.

The motion to dismiss the Title VII claim as a *de facto* hostile work environment cause of action is therefore DENIED.

### IV. Order

For the reasons cited above, the Court hereby DENIES Defendant's Motion to Dismiss (paper 5).