Linda LEISURE, Plaintiff–Appellant,

v.

**FBI OF COLUMBUS, OHIO,**
Defendant–Appellee.

No. 00–3742.

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; HEYBURN, District Judge.*

Linda Leisure, an Ohio resident proceeding pro se, appeals a district court order and judgment dismissing her petition for a writ of mandamus filed under 28 U.S.C. § 1361. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Leisure, a self-styled "whistleblower," sought a court order requiring the Columbus, Ohio, office of the Federal Bureau of Investigation (FBI Columbus) to "address its duties and obligations to protect citizens." Leisure alleged that the FBI Co-lumbus engaged in "active negligence and malice aforethought" when presented with citizens reporting federal crimes, but her petition was woefully short on specifics. The defendant filed a motion to dismiss the petition pursuant to Fed.R.Civ.P. 12(b)(1) and (6), to which Leisure responded.

The district court granted the defendant's motion to dismiss in an order entered on April 20, 2000, on the ground that Leisure had failed to demonstrate the elements required to obtain mandamus relief. A separate judgment was entered the same day. Leisure filed a motion to reconsider, presenting only vague allegations of fraud and civil rights conspiracy. The district court denied the motion to reconsider in an order entered on May 24, 2000.

On appeal, Leisure cites a variety of statutes under which she claims this court may grant relief from the defendant's misdeeds. She further complains that the district court overlooked the merits of her petition.

Upon review, we affirm the district court's judgment. This court reviews *de novo* a district court's dismissal of a petition under either Fed.R.Civ.P. 12(b)(1) or 12(b)(6). *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999) (Rule 12(b)(6)); *Saltsman v. United States*, 104 F.3d 787, 789 (6th Cir.1997) (Rule 12(b)(1)). Although the court is required to construe the complaint in a light most favorable to the plaintiff and to accept the factual allegations as true, the court is not required to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss. *See Jackson*, 194 F.3d at 745.

---

* The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation.

 The writ of mandamus is an extraordinary remedy and will issue only when the petitioner has demonstrated that: (1) the petitioner has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available. *See Youghiogheny & Ohio Coal Co. v. Milliken,* 200 F.3d 942, 955 (6th Cir.1999); *In re NLO, Inc.,* 5 F.3d 154, 155–56 (6th Cir.1993). Even if it is assumed that Leisure can satisfy the first and third elements, she is unable to satisfy the second. While 28 U.S.C. § 535 provides that the FBI may investigate violations of Title 18, the decision to initiate a criminal investigation is left within the FBI's discretion. *See Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir.1982); *see also Peek v. Mitchell,* 419 F.2d 575, 577 (6th Cir.1970) (Mandamus is not available to compel the Attorney General or United States Attorney to prosecute known civil rights violators, to alter the scope of their investigations, and to conduct particular investigations since the investigation and institution of criminal prosecution falls within their discretion).

In her brief on appeal, Leisure also attempts to obtain this court's review of her complaint under a series of statutes and legal theories, none of which was presented to the district court. This court will ordinarily not consider claims or arguments newly made on appeal. *See United States v. Hayes,* 218 F.3d 615, 619–20 (6th Cir.2000). We decline to depart from that general rule in this case. Leisure offers no specific factual allegations to support any of her legal theories, submitting only vague and general charges of fraud and conspiracy, which are wholly insufficient to state a claim under any legal theory.

Accordingly, the district court's judgment, entered on April 20, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.