Kenneth D. HILL, Plaintiff–Appellant,

v.

State of MICHIGAN; Judicial Tenure Commission; U.S. Department of Justice; Michigan Civil Rights Commission, Defendants–Appellees.

No. 01–1089.

United States Court of Appeals, Sixth Circuit.

June 21, 2001.

Before Boyce F. MARTIN, JR., Chief Judge; NELSON, Circuit Judge; RICE, District Judge.*

Kenneth D. Hill, a Michigan resident proceeding pro se and in forma pauperis, appeals a district court order dismissing his civil complaint construed as filed pursuant to 42 U.S.C. § 1983, Michigan's Elliott–Larsen Civil Rights Act, and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Hill sued the State of Michigan, the U.S. Department of Justice, the Michigan Judicial Tenure Commission, the Michigan Civil Rights Commission, and the Michigan Attorney General in a rambling, largely incoherent 25–page complaint. Hill's complaint consists of numerous general allegations of unconstitutional and tortious conduct on the part of the defendants beginning in 1987 and continuing until the present. Woefully deficient on facts, Hill's complaint asserted that the defendants had engaged in an "ongoing pattern of conspiracy and concealment for the past 13–15 years" and committed various illegal and tortious acts, which included extortion, shady land deals, negligence, reckless endangerment, failure to act, denial of due process and equal protection, intentional infliction of emotional distress, and encouraging informants to spy on him. In his most specific allegation, Hill claimed that the FBI illegally detained his son for 5–6 weeks. Finally, Hill claimed that the de-

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

fendants banded together "to prevent my case from coming to court."

Hill subsequently filed a request for injunctive relief, asking the district court to order the defendants to stop misusing their authority for the purpose of hindering his filing of this lawsuit, and also to order an investigation into the defendants' actions. He stated in this request that this "all started again just after a 1994 wrongful death settlement was reached in federal court," and claimed that the state suddenly cut off unspecified benefits one week after return of service was filed in this action. Exhibits attached to Hill's request for an injunction included copies of documents ordering the interception of his state income tax refund and a wage assignment, both for the purpose of reimbursing the state for court-ordered child support.

The district court dismissed Hill's complaint as frivolous within the meaning of 28 U.S.C. § 1915(e)(2) and for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The order was entered on December 29, 2000. Hill timely appealed, arguing that the district court erred by not granting his motion for default judgment and by denying his request for the appointment of counsel. He further asserts that the defendants were, on about 100 occasions over the years, given specific names, dates, and incidents of misconduct which they refused to investigate.

 Upon review, we affirm the district court's order for the reasons stated therein. This court reviews *de novo* a district court's dismissal of a complaint under § 1915(e)(2) as frivolous or for failure to state a claim upon which relief may be granted. See *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint is frivolous if it has no arguable basis in law or fact. See *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). This court also reviews *de novo* a dismissal under

Rule 12(b)(1) for lack of subject matter jurisdiction. *Saltsman v. United States,* 104 F.3d 787, 789 (6th Cir.1997).

 Hill argues in his brief on appeal that the district court erred in denying his motion for default judgment and in failing to appoint counsel. The district court properly dismissed Hill's complaint *sua sponte* as legally frivolous and so did not abuse its discretion in denying his motion for default judgment. Furthermore, the district court did not abuse its discretion by declining to appoint counsel to represent Hill in this lawsuit. See *Lavado v. Keohane,* 992 F.2d 601, 604–05 (6th Cir. 1993). The appointment of counsel in a civil case is not a constitutional right, but a privilege granted only in exceptional circumstances; it is inappropriate when a plaintiff's claims are frivolous or have only an extremely slim chance of success. *Id.* Because Hill's claims fall within this category, the district court appropriately denied his request for counsel.

Accordingly, the district court's order, entered on December 29, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.