**Linda LEISURE, Plaintiff–Appellant,**

v.

**Daniel T. HOGAN, Judge,**
**Defendant–Appellee.**

No. 00–4570.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

---

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit,

Linda Leisure, an Ohio resident proceeding pro se, appeals a district court order dismissing her petition for a writ of mandamus, construed as a complaint, for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Leisure, a self-styled whistleblower, filed this action alleging that Judge Daniel T. Hogan has engaged in conduct contrary to the law. Judge Hogan filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1), arguing that the court lacked subject matter jurisdiction over the complaint. Leisure did not respond to this motion. The district court granted the motion after concluding that Leisure's complaint failed to include a short and plain statement of the grounds upon which to base the court's jurisdiction as is required by Fed.R.Civ.P. 8(a)(1). This timely appeal followed.

This court reviews de novo dismissals for lack of jurisdiction. *See Saltsman v. United States,* 104 F.3d 787, 789 (6th Cir. 1997); *Greater Detroit Res. Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990). When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *Jones v. City of Lakeland,* 175 F.3d 410, 413 (6th Cir.1999).

Although a pro se complaint must be held to a less stringent standard than that prepared by an attorney, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the courts have not been willing to abrogate basic pleading essentials in pro se suits. *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). "[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir.1988). Thus, the less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations. *Id.*

Upon review, we conclude that the district court correctly determined that Leisure failed to allege grounds for jurisdiction as required by Fed.R.Civ.P. 8(a)(1). While Leisure's complaint references various federal acts and statutes, including 42 U.S.C. § 1983, the Victim and Witness Protection Act, the Whistleblowers Act, the Genocide Convention and Implementation Act of 1987, and RICO, she has wholly failed to allege any facts or theories that might establish a nexus to those referenced federal acts and statutes. Leisure submits only vague and general charges of fraud and conspiracy, which are wholly insufficient to state a claim under any legal theory.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.